PEOPLE v. JATROS.

CRIMINAL LAW—TRIAL—CONDUCT OF PROSECUTOR.

In a prosecution for murder, where the defense was justifiable homicide, statements by the prosecuting attorney, in the presence of the jury, unsupported by evidence, that deceased was the owner of the restaurant where the shooting occurred, and that there was a conspiracy among the eyewitnesses, whom he stated he did not intend to call to the stand, to acquire said property of deceased, *held*, reversible error; there being credible evidence that deceased, at the time, had no financial interest in the restaurant.

Exceptions before judgment from Ingham; Collingwood (Charles B.), J. Submitted January 11, 1923. (Docket No. 133.) Decided March 23, 1923.

Nick Jatros was convicted of manslaughter. Reversed.

*Charles F. Haight* (*Richard L. Newnham,* of counsel), for appellant.

*Andrew B. Dougherty,* Attorney General, *J. A. Boice* and *Barnard Pierce,* Prosecuting Attorneys, for the people.

CLARK, J.    Exceptions before sentence.    Defendant was charged with murder and convicted of manslaughter.    He, a Greek, 19 years of age, having resided in America about a year, was employed in a restaurant in Lansing.    In the forenoon of January 8, 1922, in the restaurant, he shot and killed one Harry Valhuisis, *alias* Harry DeMos.    The defense was that the homicide was justifiable, that the shooting was in defense of defendant's father.    The shooting was done with a pistol taken from a desk in the restaurant.    Beside deceased and the accused there were in the restaurant at the time Sam Valhuisis, brother of deceased, said to be proprietor of the restaurant, Gust Jatros and Catherine Jatros, father and sister of the accused, and one Nick Baziotos. Defendant's testimony, if true, made a case of justifiable homicide.    His testimony is corroborated by that of the witnesses named.    After the shooting the accused hid in or near the restaurant for 48 hours, when he came out and requested that he be taken into custody.    It does not appear that the witnesses named knew of his whereabouts in the meantime.

The people's case in the main consisted in proving death by shooting, and in evidence of a claimed confession of the accused and of his hiding after the shooting.    The variance between the claimed confession and the testimony of the accused is not great.

After taking the testimony of physicians and

several police officers the prosecuting attorney stated in the presence of the jury:

"So far as the people are concerned that is our case. There are other witnesses, Sam Valhuisis, Nick Baziotos, Nick Jatros and Catherine Jatros and Gust Jatros, those are all the witnesses that are left who have not been called by the prosecutor. Those are the witnesses that the prosecution says are engaged in the conspiracy"—

After objection and exception the prosecuting attorney again said:

"I was about to say that in pursuance of my duty they are on the information, they have been summoned, they are here. And I thought as a matter of courtesy it is my duty to call them and since I do not want them it is a matter of courtesy to let them call them in the order in which they see fit. They are here and I will call whichever one they tell me to."

Counsel for the people had previously stated in the presence of the jury:

"It will develop and that will be the theory on which we will develop this case and it will be proven absolutely by the actions of the witnesses, that there was a conspiracy there in that store on the part of these persons who were engaged in this row with Harry DeMos to conceal from the public who had done this shooting and also to further conceal the circumstances surrounding it."

And again:

"I will explain my position. The claim of the people is that—the theory of the prosecution is that the restaurant belongs to DeMos all of the time. Not only that they killed him, but that they were claiming his restaurant, and all the records that you can find will show that"—

Exceptions were taken and counsel for defendant requested that the jury then be instructed to disregard

the remarks. The instruction was not given. The people called such witnesses to the stand, refused to examine on direct and attempted to cross-examine, stating that they were hostile witnesses. Such cross-examination was not permitted.

The quoted remarks were not justified and constitute reversible error. There was testimony that the persons in the restaurant at the time, when asked by the officers who came to the restaurant at once the name of the person who had done the shooting, merely shook their heads and that Baziotos said he did not know. But it appears by the testimony of officer O'Brien that one of such persons, Baziotos, it seems, within ten minutes told the officers who had done the shooting and gave the place of residence of the accused. We find no competent testimony to support the charge of conspiracy to acquire by murder deceased's interest in the restaurant. There is competent and credible testimony that deceased at the time had no financial interest in the restaurant.

As the case must be sent back we suggest to counsel the following: Respecting the duty of the prosecution to call eyewitnesses the rule in this State is stated in 16 C. J. p. 846, and cases there cited. For form of request relative to the right of defendant to shoot in defense of his father, see 2 Brickwood Sackett Instructions, p. 2036; *Pond* v. *People*, 8 Mich. 150; *Patten* v. *People*, 18 Mich. 314 (100 Am. Dec. 173); *People* v. *Curtis*, 52 Mich. 616.

The conviction is set aside. New trial granted.

WIEST, C. J., and FELLOWS, MCDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.